IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE MORGAN, | : Civ. No. 3:23-CV-1635 |
| Plaintiff, | : |
| v. | : (Magistrate Judge Bloom) |
| CITY OF SCRANTON, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

## I. Introduction

This is a civil action brought by the *pro se* plaintiff, Lee Morgan against ECTV, Lackawanna County, the City of Scranton, and Paige Cognetti, Scranton's mayor. (Doc. 1). Morgan alleges that the County, the City, and Mayor Cognetti forced ECTV to cancel his local talk show, Voice of the People, because the show promoted conservative views. (*Id.* ¶¶ 33-34). Morgan asserts his claims under 42 U.S.C. § 1983 and the Pennsylvania Constitution, alleging that by cancelling Voice of the People, the defendants violated his free speech, equal protection, and due process rights. (*Id.* ¶¶ 39-46).

The City of Scranton and Mayor Cognetti have filed a motion to dismiss the complaint, arguing, among other things, that Morgan has not sufficiently alleged a municipal liability claim against them and that they have not been properly served.[1] (Doc. 8). This motion is fully briefed and is ripe for resolution. (Docs. 8, 12, 19). After consideration, we will grant the motion and dismiss Morgan's claims against the City and Mayor Cognetti without prejudice to allow Morgan an opportunity to amend his complaint.

## II. Background

Morgan alleges that he hosted a political talk show called "Voice of the People[,]" which aired on ECTV Network, a local television station in Scranton, Pennsylvania. (Doc. 1 ¶¶ 1, 11-12). According to Morgan, he often hosted guests whose views ran counter to the "prevailing 'Liberal,' 'Leftist' political ideologies" in Lackawanna County and the City of Scranton. (*Id.* ¶¶ 22-24). One of those guests was Frank Scavo, who allegedly spoke on the show about his participation in the January 6, 2021, raid on the United States Capitol in Washington, DC. (*Id.* ¶ 25).

---

[1] ECTV also filed a motion to dismiss, which we will address in a separate Memorandum Opinion.

Morgan alleges that after he hosted Scavo, the backdrop of his show was made less aesthetically pleasing and, ultimately, his show was removed from the air. (Doc. 1 ¶¶ 30-34). According to Morgan, these actions were taken "[t]hrough the influence of Lackawanna County and City of Scranton government…" because his show promoted conservative viewpoints. (*Id.* ¶ 30). In support of this contention, Morgan alleges that "'someone' in Lackawanna County government was 'not happy' with" his decision to host Scavo, and that Lackawanna County exerts control over ECTV "through it's [sic] board of commissioners." (*Id.* ¶¶ 19, 28). He also alleges that the City of Scranton and Mayor Cognetti control ECTV's funding and appoint ECTV's board of directors. (*Id.* ¶¶ 20-21).

Morgan filed the complaint on October 3, 2023, naming ECTV, Lackawanna County[2], the City of Scranton, and Mayor Cognetti in her official capacity. (Doc. 1). Morgan alleges that the defendants abridged his freedom of speech in violation of the First Amendment to the United States Constitution, denied him equal protection in violation of the Fourteenth Amendment to the United States Constitution, and denied

---

[2] Lackawanna County waived service of process on May 15, 2024 and must file a responsive pleading by July 15, 2024. (Doc. 27).

him due process in violation of the Fourteenth Amendment to the United States Constitution and the Fifth Amendment to the Pennsylvania Constitution. (*Id.* ¶¶ 39-46).

On October 24, 2023, the City of Scranton and Mayor Cognetti moved to dismiss the complaint, arguing, among other things, that Morgan failed to state a municipal liability claim and failed to properly serve them. (Doc. 8). The motion is fully briefed and ripe for resolution. (Docs. 8, 12, 19). After consideration, we will grant the motion to dismiss and dismiss Morgan's claims without prejudice to him filing an amended complaint.

## III. Discussion

### A. Motion to Dismiss - Standard of Review

The defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

5

> has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## B. The Motion to Dismiss Will be Granted.

Morgan brings his claims against the City and Mayor Cognetti under 42 U.S.C. § 1983 and the "Fifth Amendment" to the Pennsylvania Constitution. (Doc. 1 ¶¶ 39-46). Morgan has not properly pled a claim under either source of law. As an initial matter, Morgan has not stated a claim under the "Fifth Amendment" to the Pennsylvania Constitution because the state constitution does not contain a "Fifth Amendment."

Nor has Morgan stated a § 1983 claim against the City of Scranton.[3] A municipal entity may be liable for a constitutional violation under § 1983 if the violation was a direct result of the entity's policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978). However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a plaintiff must demonstrate a "direct causal link" between the alleged

---

[3] Because Morgan sues Mayor Cognetti exclusively in her official capacity, his Section 1983 claim against her is tantamount to a claim against the City of Scranton. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

7

constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

The Supreme Court has recognized four categories of municipal policies or customs—(1) formally approved rules, (2) unofficial widespread customs, (3) actions of municipal policymakers, and (4) deliberate indifference by a municipal entity. *Monell*, 436 U.S. at 691; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). A formally approved rule is one issued by a decisionmaker who has final authority to establish municipal policy. *Estate of Roman v. City of Newark*, 914 F.3d 789, 798. By contrast, an unofficial custom is a "persistent and widespread" practice that, though uncodified, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167–68 (1970). Finally, a municipality is deliberately indifferent only if a "municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 410 (1997).

Here, Morgan has not pled any of the four categories of *Monell* liability. Morgan does not allege that ECTV downgraded his background or cancelled his show pursuant to a rule that was formally approved by the City or the Mayor. *Estate of Roman*, 914 F.3d at 798. Nor does he allege that a municipal policymaker, took any of the challenged actions. *See, e.g.*, *Pembaur*, 475 U.S. at 484 (holding that a sheriff created a municipal policy or custom when he acted as a policymaker on one occasion). Morgan also does not allege that the City of Scranton was deliberately indifferent, as he does not identify any risk that the City allegedly ignored. *Bd. of Cnty. Comm'rs of Bryan Cnty, Okl.*, 520 U.S. at 410. Finally, because Morgan merely alleges a single instance of purported misconduct, he has not alleged that the City maintained an unofficial widespread practice that violated his rights. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989) (explaining that a plaintiff cannot plead an unofficial custom merely by alleging "[a] single incident by a lower level employee acting under color of law…."). Because Morgan has not sufficiently alleged any of the four recognized theories of *Monell* liability, he has failed to state a Section 1983 claim against the City of Scranton or Mayor Cognetti.

Accordingly, we conclude that Morgan has failed to state a claim against the City or Mayor Cognetti in her official capacity. However, recognizing that Morgan is a *pro se* litigant, we will allow him an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Finally, Mayor Cognetti and the City argue that they have not been properly served. (Doc. 12 at 10-12). We agree that service was improper because, among other things, Morgan personally served the defendants in violation of Rule 4(c)(2) and Pennsylvania law and failed to serve the summons along with the complaint.[4] Fed. R. Civ. P. 4(c)(1)-(2); Pa. R. Civ. P 76; Pa. R. Civ. P 400; (Docs. 5-6). However, because we have granted Morgan leave to amend his complaint and counsel has already appeared on behalf of these defendants, we will direct that the defendants waive service under Rule 4(d), or show good cause for failure to waive service pursuant to Rule 4(d)(2), within 21 days from the date

---

[4] As Mayor Cognetti and the City note, Morgan's affidavit of service appears to indicate that he effected service before the summons was issued. (Docs. 5-6).

10

that Morgan files an amended complaint, if he chooses to do so. We further appoint the Clerk of Court to serve a Request to Waive Service of Summons (form AO 398) on ECTV. *See Martin v. Sec'y of Corr.*, No. 3:16-CV-2060, 2016 WL 6661156, at *1 (M.D. Pa. Nov. 9, 2016), *aff'd*, No. 21-1522, 2022 WL 1576758 (3d Cir. May 19, 2022).

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 8) will be GRANTED, and the claims against the City and Mayor Cognetti will be dismissed without prejudice to Morgan filing an amended complaint.

An appropriate order follows.

Submitted this 10th day of July 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge