IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE MORGAN, | : Civ. No. 3:23-CV-1635 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| THE CITY OF SCRANTON, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

Pending before the court is a motion for judgment on the pleadings filed by one of the defendants, Lackawanna County. (Doc. 38). The plaintiff, Lee Morgan, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 35 ¶ 7). Morgan alleges that his public access TV show was cancelled in violation of his rights because of his political ideology, and that the public access channel Electric City Television ("ECTV") is controlled by Lackawanna County and City of Scranton officials, who cancelled his show and "removed" his content. (*See generally*, Doc. 35).

Lackawanna County has moved for judgment on the pleadings, arguing the complaint fails to properly allege any actionable claims against it. After Morgan failed to respond to the motion, we ordered him to respond by September 30, 2024, and he failed to file any response. (Doc. 44). Accordingly, we will deem the motion unopposed, and after consideration, we will grant the motion for judgment on the pleadings.

## II. Background

Morgan's amended complaint alleges that he was the host of a show called "Voice of The People," which aired on ECTV. (Doc. 35 ¶ 11). Morgan claims he hosted Frank Scavo on the show at some unknown date to discuss the Capitol riots of January 6, 2021. (*Id.* ¶ 27). Morgan alleges that after this airing, "'someone' in Lackawanna County government was 'not happy' with [the show]." (*Id.* ¶ 30). Morgan avers that he knows who this "someone" is but does not identify the individual. (*Id.* ¶ 31). He claims that this unhappiness triggered a series of actions by unnamed persons to make his show "so difficult to produce that he would cease operations." (*Id.* ¶ 34). Specifically, he alleges this was done by some unnamed person changing the backdrop of Morgan's show from a "visually pleasing" one to a "dim, difficult to view background." (*Id.* ¶ 35).

This change apparently was not experienced by "other shows." (*Id.*). Shortly thereafter, Morgan alleges that his videos were "removed from the content host" and he was advised that his show would no longer air. (*Id.* ¶ 36). He argues this amounts to a violation of his due process rights. (*Id.* ¶ 39).

Morgan filed suit against Lackawanna County, the City of Scranton, the Mayor of Scranton, Paige Cognetti, and ECTV. (Doc. 35 ¶¶ 2-5). He alleges that Lackawanna County is responsible for his treatment at/by ECTV, because Lackawanna County "retained control over ECTV Network content through its board of commissioners" (*Id.* ¶ 19). Morgan's suit alleges three claims, one for violation of his First Amendment rights (*Id.* ¶¶ 41-45), a second in violation of his Fourteenth Amendment right to equal protection of the laws (*Id.* ¶¶ 46-52), and a third in violation of his Fourteenth Amendment right to due process of law. (*Id.* ¶¶ 53-57).

Defendant Cognetti filed a motion to dismiss the case for, *inter alia*, failure to state a claim upon which relief could be granted. (Doc. 8). Thereafter, Morgan filed an amended complaint. (Doc. 35). After answering the amended complaint, on July 23, 2024, Lackawanna

3

County moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 38). Morgan never filed a response to this motion, despite being granted an extension of time in which to do so. Accordingly, Lackawanna County filed a reply brief, requesting that this court consider its motion unopposed, and further, asking us to dismiss the action under Rule 41(b) due to Morgan's failure to prosecute his case. (Doc. 47).

After consideration, we will deem Lackawanna County's motion unopposed and grant the defendant's request to dismiss the claims against it under Rule 41(b) for failure to prosecute.

III. Discussion

A. Under this Court's Local Rules, the Motion should be Deemed Unopposed and Granted.

The Local Rules of this court provide that a party opposing a motion for judgment on the pleadings must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief . . ." Local Rule 7.6. Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.* Courts may grant a motion for judgment on the pleadings under Rule 7.6 if a party "fail[s] to respond to the motions and the time

4

for responding has now passed." *Sanchez v. Litz*, 2021 WL 5176262, at *1 (M.D. Pa. Nov. 3, 2021).

In this case, the plaintiff has failed to comply with Rule 7.6 and this court's Standing Practice Order because he has not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiff has failed to respond to the motion, under Rule 7.6 we will now deem the motion unopposed.

### B. Dismissal Under Rule 41 is Warranted.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d

Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads us to conclude the case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders and respond to the instant motion.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259-60. Here, the defendant is plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and

7

we find that this factor weighs in favor of dismissal. *See e.g., Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering the history of dilatoriness on the plaintiff's part, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted). In the instant case, the delay is extensive. On September 16, 2024, this court ordered the plaintiff to respond on or before September 30, 2024. The plaintiff has failed to respond to the motion, and further, has not requested an extension of time or otherwise explained his failure to prosecute this case.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence. *Adams*, 29 F.3d at 875. Here, where the plaintiff has failed to comply with our instructions directing him to act, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative. *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191. Here, by entering our prior orders and advising the plaintiff of his obligations, we have tried lesser sanctions, to no avail. Accordingly, dismissal is the only available sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claim. However, we find that consideration of this factor cannot

save the plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant. The plaintiff may not refuse to address the merits of his claims and then assert the untested merits as grounds for denying a motion to dismiss his claims. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

For all those reasons, we will grant Lackawanna County's uncontested motion for judgment on the pleadings and dismiss the claims against this defendant with prejudice pursuant to Rule 41(b).

## IV. Conclusion

For the foregoing reasons, the defendant's unopposed motion for judgment on the pleadings will be GRANTED, and Morgan's claims as to Lackawanna County will be DISMISSED WITH PREJUDICE.

An appropriate order follows.

*s/ Daryl F. Bloom*  
Daryl F. Bloom  
Chief United States Magistrate Judge

Dated: December 4, 2024