IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE MORGAN, | : Civ. No. 3:23-CV-1635 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| THE CITY OF SCRANTON, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

This action was filed by the *pro se* plaintiff on October 3, 2023. (Doc. 1). Two of the defendants, the City of Scranton and Mayor Paige Cognetti, moved for judgment on the pleadings after Morgan filed an amended complaint. (Docs. 35, 50). After Morgan failed to file a brief in opposition to the motion, we granted the plaintiff an extension of time to file a brief in opposition.[1] (Doc. 53). In our order, we warned Morgan in

---

[1] Prior to our order granting Morgan an extension of time in which to respond to the motion, Morgan filed a document that appears to be a letter he sent to President Trump regarding the allegations he asserts in this case. (Doc. 52). However, Morgan never filed an opposition to the instant motion, despite being granted an extension of time in which to respond.

clear terms that failure to oppose the motion "may result in the motion being deemed unopposed and granted." (*Id.* at 2).

The time for filing a response to the motion to dismiss has now passed, with no opposition ever filed by the plaintiff. Accordingly, because Morgan has failed to respond to the motion and court orders or further prosecute this case, we believe that dismissal under the Local Rules and Federal Rule of Civil Procedure 41(b) is warranted. Accordingly, we will dismiss this action against the moving defendants.

II. <u>Discussion</u>

   A. <u>Under this Court's Local Rules, the Motion will be Deemed Unopposed and Granted.</u>

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief. . ." Local Rule 7.6. Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.* It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to comply with the [R]ule after a specific direction to

comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In this case, the plaintiff has failed to comply with Rule 7.6 and this court's order because Morgan has not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiff has failed to respond to the motion to dismiss, under Rule 7.6 this motion will be deemed unopposed.

B. <u>Dismissal Under Rule 41 is Warranted.</u>

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d

Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders and respond to the instant motion.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight as the Third Circuit has explained:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259-60. Here, the defendants are plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and we find that this factor weighs in favor of dismissal. *See e.g., Tillio*

5

*v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering the plaintiff's history of dilatoriness, it is clear that dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted). In the instant case, it is undisputed that the plaintiff has failed to file a response to the motion or comply with court orders.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving

behavior," or a product of mere inadvertence or negligence. *Adams*, 29 F.3d at 875. Here, where the plaintiff has failed to comply with our instructions directing him to act, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative. *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191. Here, by entering our prior orders and advising the plaintiff of his obligations, we have tried lesser sanctions to no avail. Accordingly, dismissal is the only appropriate sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claim. However, we find that consideration of this factor cannot save the plaintiff's claims, as Morgan has been wholly noncompliant with his obligations as a litigant. The plaintiff may not refuse to address the merits of his claims and then assert the untested merits as grounds for denying a motion to dismiss his claims. As we have

7

explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

### III. Conclusion

For the foregoing reasons, we will deem the City Defendants motion for judgment on the pleadings (Doc. 50) as unopposed, the motion will be GRANTED, and the claims against the City of Scranton and Mayor Cognetti will be dismissed.

An appropriate order follows.

Submitted this 18th day of March 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge