IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE MORGAN, | : Civ. No. 3:23-CV-1635 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| ECTV NETWORK, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

I.  <u>Statement of Facts and of the Case</u>

This case comes before us for consideration of a motion for summary judgment filed by ECTV Network ("ECTV").[1]  The *pro se* plaintiff, Lee Morgan, filed this action against ECTV and others, alleging violations of his constitutional rights when his show, "Voice of the People," was taken off the defendant's public access channel.[2]  Several defendants have been dismissed from this action, with ECTV remaining as the sole defendant.[3]

Morgan's second amended complaint alleges that he hosted a show, aired by ECTV, called "Voice of the People."[4]  He asserts that he intended

---

[1] Doc. 70.
[2] Doc. 1.
[3] *See* Docs. 49, 56.
[4] Doc. 35 ¶ 11.

for the show to give a voice to people of all political ideologies, but that some of his shows and his guests voiced conservative political ideologies.[5] For example, he alleges that he hosted an individual named Frank Scavo who was present at the Capitol on January 6, 2021.[6] He claims that after the show with Scavo aired, ECTV, along with the City of Scranton and Lackawanna County, made his show "so difficult to produce that he would cease operations[.]"[7] Ultimately, Morgan's show was removed, and he was informed his content would no longer air on ECTV.[8]

Morgan believes this action was taken was due to his political views not aligning with the views of the local or county government.[9] He alleges that individuals at the Scranton Times Tribune complained about the Scavo show.[10] He further believes the City and the County influenced ECTV's decision to remove him from the air because he "was advised that 'someone' in the Lackawanna County government was 'not happy' with" the Scavo show.[11] Morgan asserts that ECTV is controlled by the City

---

[5] *Id.* ¶¶ 14, 26.
[6] *Id.* ¶ 27.
[7] *Id.* ¶ 34.
[8] *Id.* ¶ 36.
[9] *Id.*
[10] *Id.* ¶ 37.
[11] *Id.* ¶¶ 24-25, 30.

and County via funding and its board of directors, which he alleges allowed the government to retain control over or influence ECTV's decision regarding the content it aired.[12]  For its part, ECTV asserts that it is private entity incorporated under the Noncorporation Law of 1988.[13]

Thus, as to ECTV, Morgan asserts claims of First Amendment retaliation, as well as Equal Protection and Due Process violations under the Fourteenth Amendment.[14]  Specifically, Morgan contends that his free speech rights were violated, he was treated differently than other content creators that aired on ECTV, and he was not given due process when his show was removed.[15]  For its part, ECTV filed a motion for summary judgment, arguing that as a private entity, it is not a state actor and is not subject to liability for the alleged constitutional violations.[16]

This motion is briefed and ripe for resolution.[17]  After consideration, we conclude that Morgan's claims fail as a matter of law because ECTV

---

[12] *Id.* ¶¶ 19-22.
[13] Doc. 71 ¶ 1; Doc. 71-1 at 2-4.
[14] *Id.* ¶¶ 41-57.
[15] *Id.*
[16] Doc. 70.
[17] Docs. 72, 75.  In his belatedly filed brief in opposition, Morgan fails to address many of the defendant's arguments concerning his claims. Additionally, Morgan takes issue with the undersigned's denial of his request for an extension of the discovery deadline, suggesting that he

is not a state actor.  Accordingly, we will grant the defendant's motion for summary judgment.

## II.    Discussion

### A. Motion for Summary Judgment - Standard of Review

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18]  The materiality of the facts will depend on the substantive law.[19]  Thus, "[o]nly disputes over facts

---

received unfair treatment because he is unrepresented. *See* Doc. 76. We remind the plaintiff that we held a telephone conference with Morgan and counsel for the defendant roughly three weeks prior to the close of fact discovery, at which time the parties informed the Court that there were no outstanding discovery issues, and neither party requested an extension of the discovery deadline.  Instead, Morgan requested an extension of the deadline just three days prior to the close of fact discovery, which we ultimately denied due to the parties' representations just weeks earlier that no extension was needed. *See* Docs. 66, 69. We have not treated Morgan any less favorably because he is unrepresented. Rather, we have afforded Morgan every opportunity to present his case, including granting extensions for briefing and other filings when the plaintiff missed his deadlines and accepting his late filings. *See e.g.*, Docs. 44, 53, 73.

[18] Fed. R. Civ. P. 56(a).

[19] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

that might affect the outcome of the suit under governing law" will preclude summary judgment.[20]  A dispute is only genuine if a reasonable juror could find in favor of the nonmoving party.[21]

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact," relying on pleadings, depositions, affidavits, and other evidence in the record.[22]  If the movant "successfully points to evidence of all of the facts needed to decide the case on the law," the nonmovant can still defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from which a jury could find in its favor.[23]  However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[24]  A court may not make credibility determinations or weigh the evidence, but "must view the facts in the light most favorable to the non-moving party."[25]

---

[20] *Id.*

[21] *Id.*

[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[23] *El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007).

[24] *Anderson*, 477 U.S. at 249-50 (citations omitted).

[25] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

## B. The Motion for Summary Judgment will be Granted.

After consideration, we conclude that ECTV, a private, nonprofit corporation, is not a state actor, and therefore, cannot be liable for the alleged constitutional violations.  Morgan asserts his claims against ECTV pursuant to 42 U.S.C. 1983, alleging violations of his constitutional rights.  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[26]

Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[27]  Section 1983 "does not create any new substantive

---

[26] *See* 42 U.S.C. § 1983.

[27] *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).

rights but instead provides a remedy for the violation of a federal constitutional or statutory right."[28]

Accordingly, to state a claim under Section 1983, a plaintiff must plead two elements: (1) the conduct complained of was committed by a "person" acting under color of law; and (2) that conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.[29]  The Third Circuit has set forth three broad tests to determine if a private entity or actors can be said to have acted under color of state law:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[30]

Morgan's amended complaint appears to rely on the theory that ECTV, in operating the public access channel, is exercising powers that

---

[28] *See id.* (citation omitted).

[29] *See Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citation omitted); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141–42 (3d Cir. 1990).

[30] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

are traditionally and exclusively prerogative of the state. But the Supreme Court of the United States has held that private operators of cable access channels like ECTV do not exercise powers that are traditionally and exclusively a function of the state, and as such, are not state actors under Section 1983.[31]

In *Manhattan Community Access Corporation v. Halleck*, producers of a cable television show brought an action against the private nonprofit corporation that operated a public access channel, Manhattan News Network ("MNN"), alleging that their access to the public access channel was restricted due to the content of their film in violation of their First Amendment rights.[32] In a 5-4 decision, the majority held that MNN was not a state actor subject to liability because "operating public access channels on a cable system is not a traditional, exclusive public function within the meaning of this Court's cases."[33] The Court recognized that "very few" functions fall into this category, and found that "[p]roviding some kind of forum for speech" does not, in itself, transform a private

---

[31] *Manhattan Community Access Corp. v. Halleck, et al.*, 587 U.S. 802, 811 (2019).
[32] *Id.* at 807.
[33] *Id.* at 811.

entity into a state actor.[34]  Nor does having a license or contract with the government, or being regulated by it, transform a private actor into a state actor, "unless the private entity is performing a traditional, exclusive public function."[35]

Here, Morgan bases his claim, in part, on his allegations that ECTV's funding is controlled by the City of Scranton through its mayor and city council.[36]  But as the Supreme Court found, the fact that a government contracts with a private actor does not transform that private actor into a state actor.[37]  Accordingly, Morgan's theory that ECTV is a state actor because it is funded by the local government is insufficient to establish that ECTV is a state actor.

Morgan also vaguely alleges in a conclusory fashion that the City of Scranton directed ECTV's actions to remove Morgan's show from the air, and that the City or Lackawanna County essentially controlled ECTV

---

[34] *Id.* at 809, 812.

[35] *Id.* at 814-15 (citations omitted).

[36] Doc. 35 ¶ 20.

[37] *Halleck*, 587 U.S. at 814; *see also Rose v. Guanowsky*, No. 21-CV-875, 2021 WL 5356804, at *4-5 (E.D. Pa. Nov. 17, 2021) (applying *Halleck* and concluding that allegations that a private corporation receives government funding is insufficient to establish it is a state actor for purposes of Section 1983).

through selecting its board of directors.[38]  While these allegations, at first glance, appear to assert that ECTV acted jointly with state officials, in his deposition, Morgan conceded that he had no information that the City controlled ECTV.[39]  He further stated that he had no information that anyone in the City government selected the board members of ECTV or directed ECTV to remove his show from the air as he alleged in his amended complaint.[40]

While Morgan attempts to rely on the allegations in his complaint, the Court of Appeals has recognized that "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."[41]  This is true even when a plaintiff is proceeding *pro se*— "[o]n a motion for summary judgment, a pro se plaintiff is not relieved of his obligation under Rule 56 to point to competent evidence in the record

---

[38] Doc. 35 ¶¶ 20-23.

[39] Doc. 71-1 at 44.

[40] *Id.* at 73-74.

[41] *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2005).

that is capable of refuting a defendant's motion for summary judgment."[42]

Here, Morgan provides no competent evidence to refute ECTV's assertion that it is a private, nonprofit corporation. Nor does he provide any evidence to support his claims that ECTV was controlled or directed by the City or local government to remove his program from the air.

Accordingly, we conclude that ECTV is not a state actor subject to Section 1983 liability.[43] This is fatal to Morgan's claims under the First and Fourteenth Amendments.[44] Thus, we will grant the defendant's motion for summary judgment, and Morgan's second amended complaint will be dismissed.

---

[42] *Edwards v. Rice-Smith*, 606 F. Supp. 3d 151, 154 (E.D. Pa. 2022) (internal citations and quotation marks omitted).

[43] Because the question of whether ECTV is a state actor is dispositive of Morgan's claims, we decline to address the defendants' remaining arguments.

[44] To the extent Morgan also asserts his due process claim under the Pennsylvania Constitution (*see* Doc. 35, Count III), we decline to exercise supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

III.  Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be GRANTED, and this case will be DISMISSED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated:  February 27, 2025

12