IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE MORGAN,                           : Civ. No. 3:23-CV-1635
                                      :
          Plaintiff,                  :
                                      :
          v.                          : (Chief Magistrate Judge Bloom)
                                      :
ECTV NETWORK,                         :
                                      :
          Defendant.                  :

## MEMORANDUM AND ORDER

## I. Introduction

Presently before the court is a motion for reconsideration filed by the plaintiff, Lee Morgan.[1]  Morgan moves under Federal Rule of Civil Procedure 60[2] for reconsideration of our Memorandum Opinion and Order granting the defendant's motion for summary judgement.[3]  For the following reasons, we will deny the motion.

---

[1] Doc. 80.

[2] *Id.*  While we recognize that Morgan brings his motion pursuant to Federal Rule of Civil Procedure 60, given the plaintiff's *pro se* status, we will also consider Morgan's motion under Rule 59.

[3] *Id.*

## II. Background

Morgan filed the instant action on October 3, 2023, and filed an amended complaint on July 22, 2024, which named the City of Scranton, its mayor, Lackawanna County, and ECTV as defendants.[4]   In his amended complaint, Morgan alleged that his show, "Voice of the People," which was aired on ECTV's public access channel, was taken off the air because his political views did not align with those of the County and City defendants.[5]   Morgan asserted that ECTV was controlled by the City and County, in part through funding and the board of directors.[6]   He asserted his claims against the defendants pursuant to 42 U.S.C. § 1983, asserting violations of his First and Fourteenth Amendment rights.[7]

The County, the City, and Mayor Cognetti filed motions for judgment on the pleadings, which were granted after Morgan failed to oppose the motions.[8]   ECTV filed an answer to the amended complaint, and after discovery concluded, filed a motion for summary judgment.[9]

---

[4] Doc. 1.

[5] Doc. 35 ¶¶ 11, 24-25, 34, 36-37.

[6] *Id.* ¶¶ 19-22.

[7] Doc. 35.

[8] Docs. 48-49, 55-56.

[9] Docs. 46, 70.

We granted ECTV's motion for summary judgment, finding that ECTV was not a "state actor" for purposes of Section 1983, and thus, Morgan's claims against it failed as a matter of law.[10]

The plaintiff has now filed a motion to reconsider.[11] Morgan's motion rehashes his arguments in opposition to the defendant's motion, and further, reargues that he should have been granted additional discovery.[12] After consideration, we will deny the motion.

## III.   Discussion

### A. Motion to Reconsider Under Rule 59(e) – Standard of Review

Federal Rule of Civil Procedure 59(e) permits a court to "alter or amend a judgment [.]"[13] A motion to alter or amend the judgment under Rule 59(e) is "a 'device to relitigate the original issue' decided by the district court, and used to allege legal error."[14] Thus, the court may alter a judgment if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

---

[10] Docs. 77, 78.

[11] Doc. 80.

[12] *Id.*

[13] Fed. R. Civ. P. 59(e).

[14] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir. 1988)).

available when the court granted the motion [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[15]  While the Third Circuit Court of Appeals has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice'" in this context, it has "suggested that there is substantial, if not complete, overlap between these two concepts" and that to succeed on such a showing requires a movant to identify "a 'direct, obvious, [or] observable error' . . . of at least some importance to the larger proceedings."[16]

A 59(e) motion "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." [17]  Similarly, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."[18]

---

[15] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

[16] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (citation modified).

[17] *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

[18] *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006) (*citing McDowell Oil Serv., Inc. v. Interstate Fire &*

## B. Motion to Reconsider Under Rule 60(b)(1) – Standard of Review

Rule 60(b)(1) of the Federal Rules of Civil Procedure "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"[19]   Those circumstances are described in Rule 60(b)'s enumerated sub parts, and "[u]nder Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"[20]   Legal error by a judge qualifies as such a mistake.[21]

## C. The Motion to Reconsider will be Denied.

Morgan's motion to reconsider does not raise specific grounds for reconsideration and instead reiterates much of his argument in opposition to the defendant's summary judgment motion.   Additionally, Morgan again asserts that he was improperly denied an extension of the discovery deadlines and should have been permitted to serve additional discovery on the defendant.

---

*Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[19] *Kemp v. United States*, 596 U.S. 528, 533 (2022) (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

[20] *Id.*

[21] *Id.* at 535.

We consider Rule 59(e) first. Morgan has not alleged new law or that previously unavailable facts have emerged. Rather, his arguments appear to be based on "the need to correct a clear error of law or fact or to prevent manifest injustice."[22] Morgan asserts that the decision in *Manhattan Community Access Corporation v. Halleck* was limited to the facts of that case and "is not meant to be applied to other matters."[23] But Morgan misunderstands our reliance on *Halleck*. While the Supreme Court decided that case on the facts before it, the analysis and reasoning of the majority decision applies equally to this matter.

As we explained in our Memorandum Opinion, Morgan's allegations regarding government control of ECTV were insufficient to show that ECTV was a state actor. Morgan alleged that ECTV received funding from the City, but the fact that a government contracts with a private actor does not transform that private actor into a state actor.[24]

---

[22] *Max's Seafood Café*, 176 F.3d at 677.

[23] Doc. 80 at 4.

[24] *Halleck*, 587 U.S. 802, 814 (2019); *see also Rose v. Guanowsky*, No. 21-CV-875, 2021 WL 5356804, at *4-5 (E.D. Pa. Nov. 17, 2021) (applying *Halleck* and concluding that allegations that a private corporation receives government funding is insufficient to establish it is a state actor for purposes of Section 1983).

Morgan provided no evidence to establish that ECTV received government funding, and further, that the funding permitted government control of ECTV's public access channel. Further, while Morgan alleged in a conclusory fashion that ECTV was directed by someone in the City or County government to remove his show, Morgan conceded that he had no information that the City controlled ECTV.[25] Accordingly, the analysis and reasoning of *Halleck*, as applied to the facts before us in this case, led us to conclude that ECTV was not a state actor for purposes of Section 1983.[26] As such, Morgan has failed to show the need to correct a clear error of law or fact.

Morgan also again asserts that he should have been permitted to conduct additional discovery, and that he was disadvantaged as a *pro se* litigant because his request for an extension of time was denied.[27] We construe this as asserting a "manifest injustice" argument for reconsideration. As we noted in our Memorandum Opinion, Morgan's request for an extension of the deadlines came just one day prior to the

---

[25] Doc. 71-1 at 44.
[26] Doc. 77.
[27] Doc. 80 at 2, 5.

7

close of fact discovery, *after* the undersigned held a telephone conference with Morgan and defense counsel three weeks prior. During this conference, both parties indicated there were no outstanding discovery issues, and Morgan did not request an extension of the discovery deadlines at that time. Accordingly, we cannot conclude that our denial of Morgan's belated request for an extension of the deadlines was a manifest injustice that prohibited him from conducting adequate discovery in this case. We find this argument unavailing.

Finally, under Rule 60(b)(1), we consider if there has been a showing of "mistake, inadvertence, surprise, or excusable neglect."[28] As discussed, "mistake" includes a judge's error of law.[29] This is a heavy burden to carry.[30] We conclude the analysis above suffices to show no error of law was made here. For all these reasons, we will deny the motion for reconsideration.

---

[28] Fed. R. Civ. P. Rule 60(b)(1).
[29] *Kemp,* 596 U.S. at 534.
[30] *Plisco v. Union R.R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

8

## IV.   Order

Having found that Morgan failed to identify grounds for reconsideration under either Rule 59(e) or 60(b), we will DENY the motion and decline to reopen the case.

So ordered this 25th day of March 2026.


*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge